In the Matter of the Judicial Settlement of the Accounts of BESSIE NIVER CURTIS and Another, as Executors, etc., of ALFRED D. CURTIS, Deceased, Appellants. JENNIE C. MELIOUS, Respondent.— The executors of the last will and testament of Alfred D. Curtis have appealed from an order of the surrogate of Columbia county making an apportionment of inheritance taxes. Testator died on June 5, 1938, leaving a gross estate of $141,171.45. By his will he made five specific bequests and the residue of his estate was given to his widow. His will directed, among other things, that the legatees should pay any inheritance taxes assessed upon their legacies. The executors contended that it was the intention of the testator that in the apportionment of inheritance taxes the widow should receive an exemption of $20,000 before computing the State tax and a $50,000 exemption before computation of the Federal tax. The widow is entitled to an exemption of $20,000 before the computation of the State tax. (Tax Law, § 249-q.) She is not entitled to any exemption under the Federal law. On the hearing before the surrogate the draftsman of the will was permitted to testify that he advised testator before the execution of the will that the widow would be entitled to an exemption of $20,000 on the State tax and a $50,000 exemption under the Federal statute. Later this testimony was stricken from the record. The attorney for the executors submitted to the various legatees figures for the apportionment of the taxes on their legacies which contained the two exemptions amounting to $70,000 in favor of the widow. Four of the legatees signed waivers and accepted payment on that basis. One declined to do so. The surrogate set aside these waivers on the ground that they were executed under a mutual misunderstanding as to the facts. The proof also indicates that these legatees relied on the statement of the executors as to the correctness of the computations. The releases were properly vacated. The surrogate correctly struck out the testimony of the draftsman of the will, as to testator's intention. The will itself is not ambiguous. The surrogate determined that the net estate for Federal estate tax purposes was $130,400.08. Under the Federal statute of 1926 there should be deducted from the amount of the net estate an exemption of $100,000. This leaves a balance subject to tax of $30,400.08. The tax on this amount is computed at the rate of one per cent, or $304. Under the Federal Revenue Act of 1932 an added tax is imposed after a specific deduction of $40,000. For the purpose of computing that tax the net estate of $130,400.08 is taken. From that sum is deducted an exemption of $40,000, which leaves the sum of $90,400.08, upon which the tax is computed. For the first $70,000 the tax is $5,400. The tax on the additional $20,400.08 is at the rate of fourteen per cent, amounting to $2,856.01, making the

total tax $8,256.01. There should then be deducted from this amount an eighty per cent reduction from the tax of $304, imposed under the 1926 statute, which amounts to $243.20. Following that there should be added to this amount $109.23, representing a deficiency tax. The surrogate's adjudication was based on these figures and is correct. The order should be affirmed, with costs to all parties filing briefs, payable out of the estate. Order unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.