In the Matter of the Accounting of TITLE GUARANTEE AND TRUST COMPANY, as Successor Trustee under the Will of FRIEDRICH J. W. BURSCH, Deceased, Respondent. In the Matter of the Construction of the Will of FRIEDRICH J. W. BURSCH, Deceased. ROBERT W. DENNIS, Appellant; ANNIE E. B. SCHRADIECK et al., Respondents.— Appeals from an order of the Surrogate's Court, Kings County, denying a motion to set aside a decree judicially settling the account of a successor trustee, and from an order of said court denying a motion to vacate a waiver of citation and consent to the entry of said decree, which consent is dated and acknowledged September 21, 1953. Orders affirmed, with $10 costs and disbursements to respondents filing briefs, payable out of the estate. The absence of any explanation of how the second waiver and consent dated and executed October 8, 1953, came to be supplied, and the first permitted to stand prior to the entry of the decree, justified the Surrogate

in denying the motions. In addition, the appellant presented no extrinsic facts which tended to show that the testator intended to include adopted children of the testator's son by the provision in the will for payment to the "issue" of such son. MacCrate, Acting P. J., Schmidt and Ughetta, JJ., concur; Beldock and Murphy, JJ., dissent and vote to reverse the orders and to grant the respective motions, with the following memorandum: In the seventh paragraph of his will made in 1911, the testator directed payment of income from a trust fund for life to his son Frederick, with remainder to Frederick's "issue". Theretofore, and in 1905, the appellant, at the age of four years, had been adopted by Frederick. Frederick died in 1952. Respondent Title Guarantee and Trust Company, as successor trustee, in the course of the proceeding to settle its final account, through its attorneys, advised appellant by letter of August 31, 1953, that he had been cited in that proceeding as executor under the will of Frederick "due to the fact that the Estate of Frederick C. Bursch is entitled to receive certain income from the trust for the period from the last quarterly payment to date of death of the life beneficiary." Execution of an enclosed waiver and consent was sought prior to the return day of the citation, a copy of which was enclosed. The citation included the name of appellant, only as executor of the estate of Frederick C. Bursch, deceased. Appellant personally was not made a party to the proceeding nor included in the citation. On the same day, August 31, 1953, the attorneys for the trust company wrote to the attorney for appellant advising him of the letter to appellant and stating "As you know, the interest of the Estate of Frederick C. Bursch in this accounting is limited to the accrued income from the date of the last quarterly payment made to the life beneficiary to the date of his death and is shown in Schedule 'H-1' of the enclosed accounting." The aid of this attorney was sought in expediting the execution of the waiver and consent by appellant. On September 16, 1953, the trust company's attorneys advised appellant's attorney that no reply had been received from appellant relative to the request for consent and waiver. Appellant's attorney thereupon advised appellant that "It is all right" to sign the waiver and consent. The attorney had never seen the form of waiver and consent which had been sent to appellant. He relied on the letter of the attorneys for the trust company that the waiver concerned appellant only as executor and as to the amount of income from the trust fund to the date of Frederick's death. The form forwarded to appellant by the attorneys for the trust company and executed by him provided for waiver and consent by appellant personally rather than as executor. It is undisputed that this consent and waiver was executed as the result of a mistake on the part of the trust company in sending appellant a personal waiver rather than one in his representative capacity, resulting in a misrepresentation to the appellant. One of the attorneys for the trust company states that this personal waiver was "superseded" by a subsequent waiver by appellant as executor. Accordingly, it is clear that the misrepresentation was undone and the original waiver regarded by the trustee itself as a nullity. Under these circumstances, there can be no question of appellant's right to have the original waiver set aside. (*Matter of Curtis,* 259 App. Div. 934.) With that waiver set aside, appellant as an individual would be a party whose interest in the estate must be determined. The court in making the decree settling the trust had not obtained jurisdiction of his person. Not only was the will in question made five years after the adoption of appellant but a codicil confirming the will was made almost thirteen

years after that adoption. Appellant states that the testator knew of his adoption by Frederick. A sister of Frederick states, in opposition, that she does not know whether her parents knew of the adoption of appellant. Whether the testator intended to include appellant within the term "issue" as used in his will must be determined on consideration of the context of the will and codicil and the relevant circumstances. (*Matter of Upjohn,* 304 N. Y. 366, 375.) In any event, neither appellant nor anyone else appreciated his substantial claim to the entire remainder of approximately $67,000. He should be permitted to present his claim in the light of the lack of any prejudice accruing by reason of his execution of the accommodation waiver. The decree settling the account was made December 10, 1953. The trust company was apprised eight days later of the intention of appellant to prosecute his claim. The motion to vacate the decree was instituted on February 2, 1954. There has been no distribution. [See *post,* p. 1183.]